
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EUN YOUNG KIM, | No. 15-72118 |
| Petitioner, | Agency No. A089-245-729 |
| v. | |
| JEFFERSON B. SESSIONS, III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2017[**]

Before:     GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Eun Young Kim, a native and citizen of South Korea, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying cancellation of removal.  Our

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

To the extent Kim challenges the BIA's denial of her ineffective assistance of counsel claim against the attorney who entered her pleadings, the BIA did not err in concluding that she failed to show eligibility for adjustment of status. *See id.* at 793-94 (to prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate prejudice); 8 U.S.C. § 1255(a) (2) (listing eligibility requirements for adjustment of status).

We lack jurisdiction to consider Kim's unexhausted contentions that she was eligible for cancellation of removal, that the IJ violated due process by allegedly failing to inform her regarding eligibility for adjustment of status and exhibiting bias towards her, and that translation problems led to a due process violation. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the BIA). To the extent Kim contends attorneys Takeno and Egan provided ineffective assistance of counsel, we also lack jurisdiction to review that unexhausted contention. *See id.*

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

15-72118